**CORRIGAN COMPANY, a Division of Corrigan Bros., Inc., Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 682, Defendant.**

No. 4:93CV01720 GFG.

United States District Court,
E.D. Missouri,
Eastern Division.

Sept. 2, 1994.

James N. Foster, Jr., and Geoffrey M. Gilbert, Jr., McMahon and Berger, St. Louis, MO, for Corrigan Co.

Greg A. Campbell, Cary W. Hammond, Managing Principal, and Sherrie A. Schroder, Diekemper and Hammond, St. Louis, MO, for Intern. Broth. of Teamsters, AFL–CIO, Local 682.

242

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on the parties' cross motions for summary judgment. Plaintiff Corrigan Company filed this action under the Labor Management Relations Act, 29 U.S.C. § 185, to set aside the arbitrator's award in a dispute related to Corrigan's discharge of an employee covered by the collective bargaining agreement between Corrigan and defendant the International Brotherhood of Teamsters Local 682 (the Union). The Union filed a counterclaim to enforce the award.

The following facts are not in dispute. Steve Biseni was employed by Corrigan in 1968. Operating procedures implemented by the company in the 1980s required employees to obtain permission and sign a hold-harmless form before they were allowed to use company owned vehicles for personal use. In late November 1992 Biseni took a company truck home over a weekend for personal use. He had not asked permission to take the vehicle nor signed a hold-harmless form.

Section 8.02 of the collective bargaining agreement provides: "The Employer reserves the right to ... discharge any employee ... for just cause such as ... dishonesty." Section 8.03 provides: "The right ... to discharge for proper cause ... is vested exclusively in the employer." The company's work rules list unauthorized possession of company property, and willful disregard of established operating procedures, among the offenses which "may result in immediate discharge." The company discharged Biseni, who had never before been formally suspended or warned by the company for any cause. The Union filed a grievance challenging the discharge and the matter was referred to arbitration pursuant to section 7.03 of the collective bargaining agreement.

Following a hearing, the arbitrator concluded that while Biseni's rule infraction constituted "dishonesty," it was "of relatively minor severity and falls short of the egregious misconduct which may justify discharge for a first offense," that the "summary discharge was not justifiable in view of Biseni's long service and work record," and that the company improperly failed to apply progressive discipline. The arbitrator concluded that Biseni was not discharged for just cause and should be reinstated with full back pay and benefits, and that the discharge should be reduced to a five day suspension without pay.

In reaching this conclusion the arbitrator considered, as he explained arbitrators traditionally do in an employee discipline case, whether "the degree of discipline administered by the employer [was] ... reasonably related to (a) the seriousness of the employee's proven offense, and (b) the record of the employee and his service with the employer." The arbitrator cited and reviewed the contract provision, operating procedure and work rules noted above.

Corrigan argues that the arbitrator's award should be vacated because that plain language of the collective bargaining agreement states that dishonesty is just cause for discharge.

■ The standard of review in arbitration cases is narrow. An arbitrator's award "must be upheld as long as it 'draws its essence' from the collective bargaining agreement. In determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts being resolved in favor of the arbitrator's authority." *Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union, AFL–CIO & CLC,* 706 F.2d 228, 230–31 (8th Cir.1983) (en banc); *see also, International Bhd. of Elec. Workers, Local 53 v. Sho–Me Power Corp.,* 715 F.2d 1322, 1324–25 & fns. 1 & 2 (8th Cir.1983). Nevertheless, "an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice." *Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

In *United Paperworkers International Union, AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1960), an employee was discharged for having illegal drugs on company premises. Under the collective bargaining agreement the company had the right to establish and enforce rules

regulating the discipline and discharge of employees, and company rules listed as one of the causes for discharge the bringing of drugs onto plant property. The arbitrator to whom the matter was referred in accordance with the terms of the collective bargaining agreement, concluded that the company failed to prove that the employee possessed the drugs on company property, and that there was not just cause for discharge. He ordered reinstatement with backpay and the company filed an action to vacate the award.

The District Court set aside the award and the Court of Appeals affirmed, finding that the facts established that the employee had violated the rule and gave the company just cause to discharge him. *Id.* at 35, 108 S.Ct. at 369. In reversing the judgment of the Court of Appeals, the United States Supreme Court explained that "even if it were open to the Court of Appeals to have found a violation of [the rule]," it was for the arbitrator to determine whether it was within the unreviewable discretion of the company to discharge an employee once a violation of the rule was found, and the case should have been remanded for that purpose. *Id.* at 41–42, 108 S.Ct. at 372–73.

Upon review of the record, the Court concludes that here the arbitrator acted within his authority in interpreting the collective bargaining agreement and that his award drew its essence therefrom. The arbitrator could properly reject Corrigan's position that any time an employee was dishonest or broke a company rule, the collective bargaining agreement gave the company absolute discretion to discharge him, no matter how insignificant the infraction was. Such a position would eviscerate the "for cause" provisions of the agreement. *See Bruce Hardware Floors v. Southern Council of Indus. Workers*, 8 F.3d 1104 (6th Cir.1993) (arbitrator did not exceed authority by ordering reinstatement of employee discharged for sleeping on job, even though collective bargaining agreement listed sleeping on job as conduct for which employees could be discharged; arbitrator properly considered whether in light of circumstances, there was just cause for discharge).

Unlike *St. Louis Theatrical Co. v. St. Louis Theatrical Brotherhood Local 6*, 715 F.2d 405 (8th Cir.1983), in this case the collective bargaining agreement does not limit the arbitrator's authority to determining whether an employee engaged in certain conduct.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment in plaintiff's action and in defendant's counterclaim is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment in plaintiff's action and in defendant's counterclaim is denied.